IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DEBRA S. FRAKES,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | )   CIVIL NO. 10-247-GPM |
| | ) |
| **B&J FOOD SERVICE EQUIPMENT OF MISSOURI, INC., d/b/a B&J-Peerless Restaurant Supply,** | ) ) ) |
| | ) |
| **Defendant.** | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This case, which comes to the Court via removal from state court, is before the Court sua sponte on the issue of federal subject matter jurisdiction. *See Johnson v. Wattenbarger*, 361 F.3d 991, 992 (7th Cir. 2004) (a district court's "first duty in every suit" is "to determine the existence of subject-matter jurisdiction"); *Asperger v. Shop Vac Corp.*, 524 F. Supp. 2d 1088, 1091 (S.D. Ill. 2007) (quoting *Hay v. Indiana State Bd. of Tax Comm'rs*, 312 F.3d 876, 879 (7th Cir. 2002)) (reviewing sua sponte the allegations of federal subject matter jurisdiction contained in a notice of removal because "[j]urisdiction is the . . . power to declare law, . . . and without it the federal courts cannot proceed. Accordingly, not only may the federal courts police subject matter jurisdiction *sua sponte*, they must.") (citation omitted). Plaintiff Debra S. Frakes brings this action against Defendant B&J Food Service Equipment of Missouri, Inc. ("B&J"), d/b/a B&J-Peerless Restaurant Supply, for alleged retaliatory discharge and breach of contract. This case was filed originally in the Circuit Court of the Third Judicial Circuit, Madison County, Illinois, on

March 1, 2010, and, following service of Frakes's complaint on B&J's counsel on March 6, 2010, was removed to this Court by B&J on April 5, 2010; federal subject matter jurisdiction is asserted on the basis of diversity of citizenship. The Court's review of B&J's notice of removal discloses certain flaws in B&J's pleading of jurisdictional facts.

Under 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). In general, federal courts have original subject matter jurisdiction in diversity in cases in which there is complete diversity of citizenship among the parties to an action and in which an amount in excess of $75,000, exclusive of interest and costs, is in controversy. *See* 28 U.S.C. § 1332(a)(1); *LM Ins. Corp. v. Spaulding Enters. Inc.*, 533 F.3d 542, 547 (7th Cir. 2008); *Glisson v. Matrixx Initiatives, Inc.*, Civil No. 10-76-GPM, 2010 WL 685894, at *1 (S.D. Ill. Feb. 22, 2010). Complete diversity of citizenship means, of course, that "none of the parties on either side of the litigation may be a citizen of the state of which a party on the other side is a citizen." *Howell v. Tribune Entm't Co.*, 106 F.3d 215, 217 (7th Cir. 1997). *See also Krueger v. Cartwright*, 996 F.2d 928, 931 (7th Cir. 1993) ("Under the rule of complete diversity, if there are residents of the same state on both sides of a lawsuit, the suit cannot be maintained under the diversity jurisdiction even when there is also a nonresident party."). In the context of removal, it is the defendant, as the proponent of federal subject matter jurisdiction, who has the burden of proof as to the existence of such jurisdiction. *See Spivey v. Vertrue, Inc.*, 528 F.3d 982, 986 (7th Cir. 2008); *In re Brand Name Prescription Drugs Antitrust Litig.*, 123 F.3d 599, 607 (7th Cir. 1997); *Kuhlman v. A.W. Chesterton, Inc.*, Civil No. 10-119-GPM, 2010 WL 910481, at *1

(S.D. Ill. Mar. 9, 2010); *Misiak v. Farmer*, Civil No. 10-133-GPM, 2010 WL 685895, at *1 (S.D. Ill. Feb. 23, 2010).

In this instance, B&J has alleged properly that it is a corporation incorporated under Missouri law with its principal place of business in Missouri, so that it is a citizen of Missouri for purposes of federal diversity jurisdiction. *See* 28 U.S.C. § 1332(c)(1); *Nuclear Eng'g Co. v. Scott*, 660 F.2d 241, 250 (7th Cir. 1981); *Lyerla v. Amco Ins. Co.*, 461 F. Supp. 2d 834, 836 (S.D. Ill. 2006). *See also Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192-95 (2010) (holding that the location of a corporation's principal place of business for diversity purposes is the state where the corporation has its headquarters or nerve center). Also, it appears from Frakes's complaint that an amount in excess of $75,000, exclusive of interest and costs, is in controversy in this case. In her complaint, Frakes pleads for compensatory damages in excess of $50,000 and punitive damages in excess of $50,000 with respect to her claim for retaliatory discharge. In general, of course, a plaintiff's good-faith estimate of the stakes in his or her case is controlling as to the amount in controversy for diversity purposes. *See Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006); *Macken v. Jensen*, 333 F.3d 797, 800 (7th Cir. 2003); *Benson v. SI Handling Sys., Inc.*, 188 F.3d 780, 783 (7th Cir. 1999) (citing *Barbers, Hairstyling for Men & Women, Inc. v. Bishop*, 132 F.3d 1203 (7th Cir. 1997)). Also, in evaluating the existence of diversity jurisdiction, a court may reckon punitive damages into the amount in controversy where such damages are recoverable under the applicable state law. *See Del Vecchio v. Conseco, Inc.*, 230 F.3d 974, 978 (7th Cir. 2000); *Anthony v. Security Pac. Fin. Servs., Inc.*, 75 F.3d 311, 315 (7th Cir. 1996); *Cadek v. Great Lakes Dragaway, Inc.*, 58 F.3d 1209, 1211-12 (7th Cir. 1995). Punitive damages are available in appropriate cases, of course, on claims for retaliatory discharge

under Illinois law.  *See Dixon Distrib. Co. v. Hanover Ins. Co.*, 641 N.E.2d 395, 399-400 (Ill. 1994); *Kelsay v. Motorola, Inc.*, 384 N.E.2d 353, 359-60 (Ill. 1978); *Elia v. Industrial Pers. Corp.*, 466 N.E.2d 1054, 1057 (Ill. App. Ct. 1984).[1]  Although Frakes's allegations of wrongdoing by B&J are somewhat skeletal, the Court will accept her assessment of the stakes in this case and conclude that the jurisdictional minimum amount for diversity purposes is in controversy here, at least until such time as the jurisdictional amount may be put in dispute and B&J, as the proponent of federal subject matter jurisdiction, is put to its proof.  *See Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 540 (7th Cir. 2006) (citing *McNutt v. General Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936)); *Rising-Moore v. Red Roof Inns, Inc.*, 435 F.3d 813, 815-16 (7th Cir. 2006); *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997).

  Unfortunately, B&J fails properly to allege complete diversity of citizenship.  B&J's notice of removal states that "Frakes is an individual person who, on information and belief, was domiciled in the State of Illinois on the day the Complaint was filed."  Doc. 2 at 2 ¶ 3.  First, only jurisdictional allegations that are made on personal knowledge, not information and belief, are effective to invoke the subject matter jurisdiction of a federal court.  *See America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992) (only a statement about jurisdiction "made on personal knowledge has any value" and a statement made "'to the best of my knowledge and belief' is insufficient" to engage federal jurisdiction in diversity); *Page v. Wright*, 116 F.2d

---

1.  In rare cases punitive damages also are available in actions for breach of contract under Illinois law.  *See Hunter Douglas Metals, Inc. v. Edward C. Mange Trading Co.*, 586 F. Supp. 926, 929 (N.D. Ill. 1984) (citing *McGrady v. Chrysler Motors Corp.*, 360 N.E.2d 818, 822 (Ill. App. Ct. 1977)); *Morrow v. L.A. Goldschmidt Assocs., Inc.*, 492 N.E.2d 181, 183-84 (Ill. 1986); *Bank of Lincolnwood v. Comdisco, Inc.*, 444 N.E.2d 657, 662 (Ill. App. Ct. 1982); *St. Ann's Home for the Aged v. Daniels*, 420 N.E.2d 478, 481-82 (Ill. App. Ct. 1981).  However, Frakes does not plead for punitive damages in connection with her claim for breach of contract.

449, 451 (7th Cir. 1940) (an allegation of a party's citizenship for diversity purposes that is "made only upon information and belief" is unsupported and cannot withstand "direct jurisdictional attack"); *O'Neill v. Pointer*, Civil No. 09-704-GPM, 2009 WL 3156687, at *1 (S.D. Ill. Sept. 25, 2009) ("Jurisdictional allegations made on information and belief are insufficient to invoke the diversity jurisdiction of a federal court."); *Multi-M Int'l, Inc. v. Paige Med. Supply Co.*, 142 F.R.D. 150, 152 (N.D. Ill. 1992) (quoting *Bankers Trust Co. v. Old Republic Ins. Co.*, 959 F.2d 677, 683 (7th Cir. 1992)) ("'[I]nformation and belief' [is] a clearly improper locution under the current [Federal Rules of Civil Procedure], which impose . . . a duty of reasonable precomplaint inquiry not satisfied by rumor or hunch."). Second, if B&J is going to allege that Frakes was an Illinois citizen at the time this case was filed, it must allege also that Frakes was an Illinois citizen when the case was removed, because in the removal context federal subject matter jurisdiction must exist both when a case is filed and when it is removed. *See Kanzelberger v. Kanzelberger*, 782 F.2d 774, 776-77 (7th Cir. 1986) (citing 28 U.S.C. § 1441(a)) ("[T]he required diversity must exist both when the suit is filed . . . and when it is removed[.]"); *Newsom v. Caliber Auto Transfer of St. Louis, Inc.*, Civil No. 09-954-GPM, 2010 WL 415388, at *1 (S.D. Ill. Feb. 1, 2010) ("Jurisdiction must be shown to exist both when [a] case was filed and when it was removed."); *Haslund v. Simon Prop. Group, Inc.*, 239 F. Supp. 2d 818, 820 (N.D. Ill. 2003) (citing *Mollan v. Torrance*, 22 U.S. (9 Wheat.) 537 (1824)) ("It is universal black letter law, and has been for nearly 180 years . . . that the existence of diversity jurisdiction in a removal case is to be tested in terms of the facts as they existed at the time of commencement of the lawsuit and again at the time of removal."). Accordingly, B&J must amend its notice of removal to correct the flaws in its pleading of jurisdictional facts noted in this Order.

To conclude, B&J must amend its notice of removal in this case to omit from its jurisdictional allegations any reference to information and belief and to allege that Frakes was a citizen of Illinois when this case was filed and when it was removed.[2] B&J is **ORDERED** to file its amended notice of removal not later than 12:00 p.m. on Monday, April 12, 2010. Failure to file an amended notice of removal as herein ordered will result in remand of this case to the Circuit Court of the Third Judicial Circuit, Madison County, Illinois, for lack of federal subject matter jurisdiction. *See* 28 U.S.C. § 1447(c); *Crumer v. Target Corp.*, Civil No. 07-836-GPM, 2007 WL 4373950, at *1 (S.D. Ill. Dec. 14, 2007); *Pruitt v. Kelly Moore Paint Co.*, Civil No. 07-768-GPM, 2007 WL 4225823, at *1 (S.D. Ill. Nov. 28, 2007).

**IT IS SO ORDERED.**

DATED: April 7, 2010


/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge

---

2. As an alternative to alleging that Frakes was a citizen of Illinois when this case was filed and when it was removed, B&J can allege simply that Frakes "is a citizen of Illinois." *See* Form 7, Appendix of Forms, Fed. R. Civ. P. ("The plaintiff is a citizen of Michigan[.]") (bracket and italics omitted).